Filing # 31565766 E-Filed 09/01/2015 01:34:52 PM

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA**

**SANDRA SPENCER**
**PLAINTIFF,**

**V.**

**CASE NO:**
**Division:**

**HARRIS CORPORATION,**
**A Florida Corporation**
**DEFENDANT.**

______________________________________/

## COMPLAINT

COMES NOW the Plaintiff, individually, by and through the undersigned attorney and sues the Defendant, Harris Corporation, (hereinafter sometimes referred to as "Harris"), and alleges as follows:

1. This is an action for damages that exceed $15,000.00, and thereby exceeds the minimum jurisdiction of this Court.
2. Plaintiff, SANDRA SPENCER, is an individual and resident of Brevard County, who has been harmed in Brevard County.
3. At all material times hereto, Defendant Harris was a corporation duly licensed to transact business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Brevard County, Florida.
4. The actions giving rise to the claims of this complaint occurred in Brevard County.

5. All conditions precedent prior to bringing these claims have been met, or otherwise waived by HARRIS.
6. Plaintiff was an employee of Defendant Corporation.
7. Plaintiff worked at Defendant Corporation for the most part of May 12, 2015 and went home due to her illness.
8. Plaintiff was told not to return on May 13, 2015 by Defendant.
9. This will be Plaintiff's second time for filing for Short- Term Disability.
10. Defendant refuses to acknowledge May 12, 2015 was Plaintiff's last day of work instead alleges May 11, 2015 was the last date of work for Plaintiff.
11. Defendant did not send Cobra coverage information to Plaintiff in time, causing Plaintiff the inability to have coverage, and forcing her to have to pay Cobra retroactively for the month of May & June, 2015.

COUNT I- NEGLIGENCE

12. Plaintiff incorporates and re-alleges paragraphs 1 through 11 of this complaint as fully as if set forth herein.
13. Since termination of employment by Defendant, Plaintiff has attempted numerous times, has hired counsel, and has provided any and all documentation to Defendant and Cigna in order to get her short –term disability started.
14. Harris has negligently represented the dates Plaintiff has worked to Cigna (Insurance Provider) and has caused Plaintiff harm.
15. Due to Harris' negligence in reporting dates, Plaintiff has been unable to establish short-term disability, move to long-term disability, and has had to decrease doctor's visits and medications due to lack of fund.
16. Plaintiff usually sees a Psychiatrist once a month, and a counselor every two weeks.

17. Due to Harris's negligence, Plaintiff has only had seven (7) appointments with her doctors since May 1, 2015.

18. Plaintiff was unable to receive her medication, LaTunda, which she regularly took, prior to Defendant's negligence.

19. Due to Defendant's negligence, Plaintiff has missed three months of this medication.

20. Additionally, due to Harris's negligence, Plaintiff had to increase a daily dosage of medicine to combat her depression caused by problems from Harris's actions.

21. Plaintiff had to pay out of pocket, the cost of medicine, Dextroamphetamine, to combat depression.

22. Additionally, due to having to pay for all these out of costs expenses per Harris's negligence, Plaintiff was unable to pay for Cobra.

WHEREFORE, PLAINTIFF demands Judgment against HARRIS for doctor visits, cost of LaTunda medication, cost of Dextroamphetamine and resulting damage to her health due to loss of health care coverage, plus court fees, attorney fees, and all other monies this Court deems proper and just.

<u>COUNT II- FRAUDULENT MISREPRESENTATION</u>

23. Plaintiff incorporates and re-alleges paragraphs 1 through 11 of this complaint as fully as if set forth herein.

24. Without prejudice to the negligence claim, herein above, Plaintiff alleges the claim for fraudulent misrepresentation.

25. Since leaving work, Plaintiff has attempted numerous times, has hired counsel, and has provided any and all documentation to Harris and Cigna in order to get her short –term disability started.

26. Harris has fraudulently represented the dates Plaintiff has worked to Cigna (Insurance Provider) and has caused Plaintiff harm.
27. The representation by Harris was false and known by Harris to be false at the time it was made as Harris knew that Plaintiff did in fact work on May 12, 2015.
28. Due to Harris' fraudulent reporting dates, Plaintiff has been unable to establish short-term disability, move to long-term disability, has had to decrease doctor's visits and medications due to lack of fund.

WHEREFORE, PLAINTIFF demands Judgment against HARRIS for doctor visits, cost of LaTunda medication, cost of Dextroamphetamine, resulting damages to her health due to loss of health coverage, plus court fees, attorney fees, and all other monies this Court deems proper and just.

COUNT III- TORTIOUS INTERFERENCE

29. Plaintiff incorporates and re-alleges paragraphs 1 through 11 of this complaint as fully as if set forth herein.
30. Since leaving work, Plaintiff has attempted numerous times, hired counsel, and has provided any and all documentation to Harris and Cigna in order to get her short – term disability started.
31. Harris has fraudulently represented the dates Plaintiff has worked to Cigna (Insurance Provider) and has caused Plaintiff harm.
32. Due to Harris' fraudulent reporting of its employee's last date of work3, Plaintiff has been unable to establish short-term disability, move to long-term disability, has had to decrease doctor's visits and medications due to lack of fund.
33. Due to Harris' wrongful interference, Plaintiff lost her benefits with Cigna.


WHEREFORE, PLAINTIFF demands Judgment against HARRIS for doctor visits, cost of LaTunda medication, cost of Dextroamphetamine, resulting damages to her health due to loss of health coverage, plus court fees, attorney fees, and all other monies this Court deems proper and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, and for all damages to which he may be entitled, including, without limitation:

a. Actual out of pocket costs, compensatory damages, including, but not limited to, emotional distress and mental anguish, loss of dignity, and any other intangible injuries;

b. Compel Defendant to notify Cigna of the correct date of leave of Plaintiff;

c. All legal fees and costs associated with Plaintiff's case including attorney fees; and

d. Such other relief, court fines, or penalties against Harris as this Court deems just and proper.

Dated this 1st day of September, 2015.

/s/ Arti. A. Hirani, Esq.

ARCADIER & ASSOCIATES, P.A

Arti. A. Hirani (Of counsel)
Florida Bar No. 0107712
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Email: hirani.arti@gmail.com
Phone: (321) 953- 5998
Fax: (321) 953-6075